NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIYUSH GUPTA, | No. 16-15224 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-01358-EJD |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 9, 2018[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

Plaintiff Piyush Gupta appeals from an adverse partial summary judgment and a defense verdict in his wrongful termination lawsuit against International Business Machines Corporation (IBM). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court properly dismissed Gupta's disability discrimination claim under the California Fair Employment and Housing Act (FEHA), Cal. Gov't. Code § 12900 *et seq.*, on the grounds that Gupta provided no evidence that he was terminated "because of his disability." *See Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015). Gupta argues that the temporal proximity between the onset of his disability and his termination is sufficient to establish a prima facie case of discrimination.

Gupta provides no supporting evidence to suggest discrimination beyond the temporal connection between his disability and termination. *See Arteaga v. Brink's Inc.*, 163 Cal. App. 4th 327, 341 (2008). In fact, Gupta in his deposition conceded: "I do not have any facts [that cause me to believe IBM terminated me because I had this back condition]." The record demonstrates IBM's efforts to accommodate his disability. For example, Gupta received and subsequently declined short-term disability leave, was approved to fly business class, was in the process of receiving ergonomic furniture, and never felt any animus because of his disability. Each of these facts undermines his assertion that his disability was the

reason for his firing; rather, the evidence shows Gupta was laid off because he had suggested it. In the circumstances, Gupta failed to offer sufficient temporal connection or other circumstantial evidence to establish that his disability caused his termination. No reasonable finder of fact could conclude otherwise. Therefore, the district court's grant of summary judgment was proper.

2.     The district court applied the proper standard regarding pretext after finding that IBM had articulated a business-related, non-discriminatory reason for terminating Gupta's employment. *See Noyes v. Kelly Servs*., 488 F.3d 1163, 1169–70 (9th Cir. 2007). The district court correctly stated that Gupta "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [IBM's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the non-discriminatory reasons." The district court explained that providing new discriminatory evidence is *one way* to demonstrate that the employer's reasons for termination were pretextual.

Gupta's evidence of temporal proximity, "even if it may technically constitute a prima facie case, is too weak to raise a rational inference that discrimination occurred" and to satisfy his burden to show pretext. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 362 (2000). Therefore, the district court's grant of summary judgment was proper.

3.	As discussed above, the district court properly ruled that Gupta failed to state a claim under FEHA.  Therefore, his claim for wrongful termination in violation of public policy also fails.[1]  *Dep't of Fair Emp't and Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748–49 (9th Cir. 2011).

4.	Contrary to Gupta's claims, nothing in the district court's order suggests improper credibility determinations or weighing of conflicting evidence. The district court focused on the material facts, including that Gupta volunteered for termination, and properly ignored his irrelevant explanation for the offer.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Gupta's reasoning for volunteering to be laid off does not undermine IBM's explanation that they chose to "take him up on his suggestion."  The district court correctly applied the summary judgment standard.

5.	The district court also correctly applied California law in dismissing Gupta's fraud claim.  To constitute a misrepresentation, whether by representation or concealment, the statement must be false.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  The district court found that the Instant Message conversation between Gupta and Mitchak did not involve any "misstatement[s] of fact" or "misrepresentation [of] a past or existing material fact."

---

[1] Gupta also concedes that his "claim for wrongful termination arises from IBM's violation of his statutory rights under the FEHA."

4

Even if Gupta could demonstrate that Mitchak made a misrepresentation by concealment or affirmative statement, he fails to allege any facts to support the other elements of fraud. *See id.* Gupta provides no evidence regarding Mitchak's knowledge that his statements were false or his intent to defraud, both elements under California law. *Id.* Therefore, summary judgment was warranted dismissing Gupta's fraud claim.

6. The district court did not abuse its discretion in denying Motion in Limine No. 3. Gupta was required to "identify a reasonable accommodation . . . through the litigation process, including discovery." *Scotch v. Art Inst. Of Cal.-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 995 (2009). Gupta failed to state in his interrogatories that denial of short-term disability was a fact he sought to support his reasonable accommodation claim.

**AFFIRMED.**